**UNITED STATES COURT OF APPEALS**
**Filed 6/20/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GUILLERMINA SALMON,

    Defendant - Appellant.

No. 95-1348
(D. Ct. No. 95-CR-77-01-N)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court sentencing defendant Salmon to 151 months' imprisonment. Defendant Salmon pled guilty to one count of conspiracy to possess with intent to distribute marijuana and cocaine. The district court applied a four-

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

level upward adjustment to her sentence for her role as a leader or organizer in the offense.  Defendant appeals on the ground that the record does not contain sufficient facts to support the four-level upward adjustment.

We review the district court's factual findings under Section 3B1.1 of the United States Sentencing Guidelines to determine whether the factual findings of the district court are clearly erroneous.  United States v. Bernaugh, 969 F.2d 858 (10th Cir. 1992).

In this case, the district court made extensive findings about the involvement of the defendant in the criminal activity.  Defendant argues on appeal that the Tenth Circuit would require a showing that the defendant personally controlled five or more people.  Defendant misreads the applicable guideline provision.  Section 3B1.1 of the Guidelines clearly provides that the findings of the district court must be that the defendant was an organizer or leader "of a criminal activity that involved five or more participants."  Thus, the relevant focus is the role that the defendant played as an organizer or leader in an activity that included five or more people.  The record in this case is clear and the district court made extensive findings about the involvement of five or more people, the extent of the criminal activity in this case, and the leadership role that defendant Salmon played in facilitating this criminal activity.

Because of the evidence in the record supporting the district court's finding that the defendant was a leader or organizer, we cannot say that the district court was clearly erroneous in determining that the defendant should be subject to the four-level upward

adjustment in her sentence.  AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge